# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2022

Lyle W. Cayce
Clerk

———————

No. 21-50370

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Raul Ramirez-Benavides,

*Defendant—Appellant*,

consolidated with

————————

No. 21-50385

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Raul Ramirez-Benavidez,

*Defendant—Appellant*.

No. 21-50370
c/w No. 21-50385

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-504-1
USDC No. 2:19-CR-1357-1

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:[*]

Raul Ramirez-Benavides appeals his within-guidelines prison sentence of 37 months, which the district court imposed following his guilty plea conviction of illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He also appeals a separate within-guidelines 14-month prison sentence imposed following the revocation of his supervised release term for a prior offense. The district court ordered that these sentences be served consecutively. Ramirez-Benavides argues that the district court failed to explain its reasoning for running the sentences consecutively and that the aggregate 51-month sentence is substantively unreasonable.

Because Ramirez-Benavides did not object in the district court to the lack of an explanation for the consecutive sentences, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The record reveals no clear or obvious error in the district court's explanation of its decision to impose these sentences consecutively because imposition of consecutive sentences upon revocation is authorized by statute and consistent with the Guidelines policy statement. *See id.*; 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f), p.s. Even assuming, however, that the district court's

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

explanation was lacking, Ramirez-Benavides has not shown that his substantial rights were affected because nothing in the record suggests that a more thorough explanation would have resulted in a different sentence. *See Puckett*, 556 U.S. at 135; *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).

As to his substantive reasonableness claim, Ramirez-Benavides argues that the illegal reentry guideline, U.S.S.G. § 2L1.2, lacks an empirical basis and double counts prior convictions. This court has previously rejected both arguments. *See Mondragon-Santiago*, 564 F.3d at 366-67; *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Further, Ramirez-Benavides has not rebutted the presumption of reasonableness on appeal that attaches to a sentence within a properly calculated guidelines range. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Badgett*, 957 F.3d 536, 541 (5th Cir.), *cert. denied*, 141 S. Ct. 827 (2020). The district court considered Ramirez-Benavides's arguments in favor of a lower sentence and was in the best position to find facts and judge their importance. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). The district court's decision is entitled to deference. *See id.*

The judgment of the district court is AFFIRMED.